IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:23-CR-123-ALM-BD-1 |
| | § | |
| JUAN EMILIO GARDNER | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Juan Emilio Gardner's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 1, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Paul Morris.

Defendant was sentenced on April 30, 2014, by The Honorable David Briones of the Western District of Texas after pleading guilty to the offense of Possessing with Intent to Distribute a Quantity of Phencyclidine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of IV, was 151 to 188 months. However, the Court found that a 2-level downward adjustment be given and sentenced Defendant outside of the advisory guideline range based on the directive of the Attorney General of the United States at that time. As such, Defendant was subsequently sentenced to 130 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to

REPORT AND RECOMMENDATION – Page 1

include substance abuse testing and treatment, mental health treatment, participation in a behavioral health treatment program, and a $100 special assessment. On May 10, 2022, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred to the Eastern District of Texas on June 12, 2023, and the case was reassigned to U.S. District Judge Amos Mazzant, III.

On August 26, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #5, Sealed). The First Amended Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) (standard) Defendant shall not leave the judicial district without the permission of the court or probation officer; (4) (standard) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) (standard) Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer; (6) (standard) Defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, Defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency; and (7) (mandatory) Defendant shall not commit another federal, state, or local crime during the term of supervision. (Dkt. #5, at pp. 1–4, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1–2) During an office visit conducted on May 13, 2022, Defendant submitted a urine specimen which produced positive results for marijuana and methamphetamine. Defendant admitted to using the illegal substances through verbal admission, and the specimen was confirmed positive for both substances by the national lab. During an office visit conducted on March 3, 2023, Defendant submitted a urine specimen which produced positive results for marijuana. Defendant admitted to using the illegal substance through written and verbal admission, and the specimen was confirmed positive by the national lab. On July 31, 2023, Defendant submitted a urine specimen at Addiction Recovery Center in Lewisville, Texas which produced positive results for marijuana. Defendant admitted to using the illegal substance through written and verbal admission, and the specimen was confirmed positive by the national lab. On June 18, 2024, Defendant submitted a urine specimen at Addiction Recovery Center in Lewisville, Texas which produced positive results for marijuana. Defendant admitted to using the illegal substance through written and verbal admission, and the specimen was confirmed positive by the national lab; (3) On February 25, 2023, Defendant departed the United States and entered Costa Maya, Mexico, and Cozumel Mexico, while embarking upon a five-night Royal Caribbean cruise. While Defendant did submit travel request documentation, he did not receive approval from the court nor the probation officer prior to departing the United States; (4) On June 20, 2024, the U.S. Probation Office contacted Defendant via telephone. Defendant claimed he was evicted and had until that Saturday to move out. Furthermore, Defendant advised that he was going to obtain a room at a hotel in the interim of him finding his own apartment. The U.S. Probation Office instructed Defendant to provide said address. However, Defendant failed to provide information regarding his whereabouts. During an

office visit conducted on June 26, 2024, he later admitted to having been staying with his ex-fiancé, but stated he would obtain a room at the In-Town Suites in Garland, Texas later that day. The U.S. Probation Office instructed him to provide the room number upon his arrival at the motel. Defendant failed to provide the information to the U.S. Probation Office. On July 2, 2024, the U.S. Probation Office contacted Defendant via telephone and inquired about his whereabouts. Defendant claimed he never went to the motel and was staying with his ex-wife. Defendant failed to provide the changes to his address within ten days; (5) On July 26, 2023, the Lewisville Police Department issued Defendant a citation for speeding. Defendant failed to inform the U.S. Probation Office of said contact. On August 8, 2023, the U.S. Probation Office contacted Defendant regarding his failure to inform the U.S. Probation Office of his law enforcement contact. Defendant claimed he included the information in his monthly report, and the U.S. Probation Office reminded him law enforcement contact must be reported within 72 hours of occurrence, and not solely via the next monthly report; (6) On April 6, 2023, Defendant failed to report for an individual treatment session at Fletcher Counseling in Plano, Texas. On April 7, 2023, Defendant failed to report for a group counseling session at Fletcher Counseling in Plano, Texas. On July 20, 2023, Defendant failed to report for an individual treatment session at Fletcher Counseling in Plano, Texas; and (7) On August 28, 2022, Defendant was arrested by the Frisco, Texas Police Department for committing the Class B misdemeanor offense of Driving While Intoxicated (1st) With Open Container. Defendant was released from custody on August 29, 2022, on a $2,500 surety bond. His case number is 002-85630-2024 in the Collin County Court at Law 2. According to the offense report, officers observed a vehicle traveling more than 90 MPH in a 55 MPH zone. The officer activated his sirens to catch up to the driver to no avail. As the officer was following

REPORT AND RECOMMENDATION – Page 4

the vehicle, he observed swerving. Once the vehicle stopped, officers were able to identify the driver as Defendant. Defendant told them he was returning from a Texas Rangers game. Officers could smell a strong odor of alcohol on Defendant's breath, and he also had slurred speech. Upon questioning, Defendant admitted that he consumed two 16oz Bud Light beers and one half of one shot of liquor while at the game. Field sobriety tests were administered, and Defendant was unable to pass them. During the inventory of the vehicle, officers found two half full beers and a full mixed drink in a plastic cup. Defendant was arrested and transported to THR Frisco for a blood sample. While taking him to get his blood drawn, Defendant stated that he was drunk on several occasions. (Dkt. #5, at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1) and (7). Defendant entered a plea of true to allegations (2)–(6) of the First Amended Petition.

Having considered the First Amended Petition and the plea of true to allegations (2)–(6), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of fourteen (14) months with no term of supervised release to follow.

The court further recommends that allegations (1) and (7) of the First Amended Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Seagoville, Texas area, if appropriate.

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE